Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **PAULA SUE WENSTROM,** | § | **CASE NO. 21-31978-mvl** |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |

## DEBTOR'S PLAN OF REORGANIZATION
## <u>UNDER SUBCHAPTER V OF CHAPTER 11</u>

Dated: January 13, 2022

## TABLE OF CONTENTS

Article I.       INTRODUCTION...................................................................................4

Article II.      DEFINITIONS .....................................................................................4

Article III.     VOTING ON THE PLAN AND OBJECTIONS ...............................7

Article IV.      BACKGROUND...................................................................................8
        4.1      Background of the Debtor and Events Leading to Bankruptcy ............8
        4.2      Significant Events Since the Petition Date.........................................8
        4.3      Assets of the Debtor .........................................................................9
        4.4      Liabilities of the Debtor ...................................................................9
        4.5      Tax Consequences of the Plan ........................................................10

Article V.       LIQUIDATION ANALYSIS .............................................................11

Article VI.      PLAN OF REORGANIZATION........................................................12
        6.1      Treatment of Unclassified Claims, Administrative Expense Claims, Priority
                 Claims, and U.S. Trustee Fees.........................................................12
        6.2      Classification of Claims and Interests................................................13
        6.3      Claims and Interests Impaired Under the Plan...................................13
        6.4      Treatment of Classified Claims and Interests Under the Plan ...........14
        6.5      Implementation of the Plan .............................................................15
        6.6      Feasibility of the Plan.....................................................................15
        6.7      Provisions Regarding Distributions and Objections to Claims..........15
        6.8      Executory Contracts ......................................................................17

Article VII.     RESERVATION OF CLAIMS .........................................................18
        7.1      Reservation of Claims and Causes of Action....................................18
        7.2      Return of Fraudulent Transfers ......................................................18

Article VIII.    EFFECT OF CONFIRMATION, DISCHARGE, RELEASES
                 AND INJUNCTION .........................................................................18
        8.1      Vesting of Property .........................................................................18
        8.2      Plan Creates New Obligations.........................................................19
        8.3      Legal Binding Effect.......................................................................19
        8.4      Discharge.......................................................................................19
        8.5      Satisfaction of Claims and Interests................................................19
        8.6      Temporary Injunction.....................................................................19
        8.7      Modification of the Plan .................................................................20
        8.8      Retention of Jurisdiction .................................................................20

Article IX.      MISCELLANEOUS PROVISIONS ................................................21
        9.1      Request for Relief Under Bankruptcy Code § 1129(b)....................21
        9.2      Headings........................................................................................21
        9.3      Due Authorization ..........................................................................21

| | | |
|---|---|---|
| 9.4 | Further Assurances and Authorizations | 21 |
| 9.5 | Applicable Law | 21 |
| 9.6 | No Interest | 22 |
| 9.7 | Post-Confirmation Actions | 22 |
| 9.8 | Notices of Default | 22 |
| 9.9 | Notices | 22 |
| 9.10 | Payment Dates | 22 |
| 9.11 | De Minimis Distribution | 22 |

EXHIBITS:

Exhibit 1 – Monthly Operating Reports
Exhibit 2 – Schedule A/B
Exhibit 3 – Projections

# ARTICLE I.  INTRODUCTION

This Plan of Reorganization Under Subchapter V of Chapter 11 (the "Plan") is proposed by Paula Wenstrom, the debtor in this Bankruptcy Case (the "Debtor").  On November 1, 2021, a voluntary petition for relief under Chapter 11 was filed against the Debtor in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. The case was filed under Subchapter V of Chapter 11 of the Bankruptcy Code. This *Debtor's Plan of Reorganization Under Subchapter V of Chapter 11* is provided pursuant to the Bankruptcy Code to all the Debtor' known creditors and other parties in interest. Under the Plan the Debtor will pay $1,000.00 per month to Allowed Unsecured Claims over 36 months. The details of the Plan are set out in Article VI of this document.

At the time of filing this Plan, a Subchapter V Trustee has been appointed in this Case. The Trustee will be responsible for monitoring the Case and ensuring the Debtor's compliance with the applicable provisions of the U.S. Bankruptcy Code.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

# ARTICLE II.  DEFINITIONS

Except as expressly provided herein or unless the context otherwise requires, the terms set forth in this Article II shall have the following meanings when used in initially capitalized form in this Plan. Any term used in initially capitalized form that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

2.1     "**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

2.2     "**Allowed Amount**" means the amount of any Allowed Claim.

2.3     "**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

2.4     "**Assets**" means property of the Estate.

**2.5** "**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

**2.6** "**Bankruptcy Case**" or "**Case**" means bankruptcy case: Case No. 21-31978 in the name of Paula Wenstrom, pending before the Bankruptcy Court.

**2.7** "**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

**2.8** "**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

**2.9** "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

**2.10** "**Bar Date**" means January 10, 2022, the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

**2.11** "**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

**2.12** "**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

**2.13** "**Claimant**" or "**Creditor**" means the holder of a Claim or interest in the Assets.

**2.14** "**Class**" means any class into which Claims are classified pursuant to Article VI of the Plan. Each subclass of a class shall be treated as a separate class.

**2.15** "**Collateral**" means any Assets of the Debtor subject to a valid Lien held by a Secured Creditor.

**2.16** "**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

**2.17** "**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

**2.18** "**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

**2.19** "**Confirmation Order**" means the Order confirming this Plan.

**2.20** "**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent,

or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

2.21 "**Debtor**" means Paula Wenstrom, the Debtor herein. Where the context so requires, "**Debtor**" shall also include the Reorganized Debtor.

2.22 "**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

2.23 "**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

2.24 "**Estate**" means the bankruptcy estate of the Debtor in this Case.

2.25 "**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

2.26 "**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

2.27 "**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

2.28 "**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

2.29 "**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

**2.30** "**Interest**" means any equity or ownership interest in the Debtor.

**2.31** "**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

**2.32** "**Order**" means an Order of the Bankruptcy Court.

**2.33** "**Petition Date**" means November 1, 2021, the date on which a voluntary petition in bankruptcy was filed by the Debtor.

**2.34** "**Plan**" means this *Plan of Reorganization Under Subchapter V of Chapter 11*, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

**2.35** "**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

**2.36** "**Priority Wage Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4)(A).

**2.37** "**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

**2.38** "**Schedules and Statements**" means and refers to each of the Debtor' bankruptcy schedules A/B, D-H and Statement of Financial Affairs.

**2.39** "**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the collateral and an Unsecured Claim for the remainder.

**2.40** "**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## ARTICLE III. VOTING ON THE PLAN AND OBJECTIONS

### 3.1 <u>Who May Vote</u>

You are entitled to vote on the Plan unless:

(1) your Claim or Interest is Disputed (as defined herein);

(2) your Class receives no distribution (presumed to reject the Plan);

(3) your Class is "unimpaired" (presumed to accept the Plan – *See* Article VI to see if your Class is Impaired or unimpaired); or

(4)     your Claim is unclassified (and thus required by law to be paid in full).

If your Claim or Interest is Disputed, then you must file a motion and have it allowed for voting purposes (you must do that soon so that your motion can be heard before votes are counted). *See* Bankruptcy Rule 3018(a)).

### 3.2     How to Vote

Fill out and return the attached ballot (if you are entitled to vote) **by the deadline** and according to the other instructions in the enclosed order regarding voting and procedures.

### 3.3     Effect of Vote

After a plan of reorganization has been filed, it must either be accepted by holders of claims against, or interests in, the debtor, or be found by the Court not to discriminate unfairly and that it is fair and equitable with respect to each class of claims or interests that is impaired under the plan or that has not accepted the plan.

Acceptance of the plan by the Creditors and Equity Interest Holders is important. In order for the plan to be accepted by each class of claims, the creditors that hold at least two thirds (2/3) in amount and more than one-half (½) in number of the allowed claims actually voting on the plan in such class must vote for the plan and the equity interest holders that hold at least two-thirds (2/3) in amount of the allowed interests actually voting on the plan in such class must vote for the plan. A Subchapter V Chapter 11 does not require that each holder of a claim against, or interest in, the debtor vote in favor of the plan in order for it to be confirmed by the Court.

### 3.4     Who May Object

Even if you are not entitled to vote, you may object to Confirmation of the Plan if you believe that the requirements for Confirmation are not met (and if you are a party in interest in this bankruptcy case). For the deadlines and procedures to object, see the enclosed order.

## ARTICLE IV.  BACKGROUND

### 4.1     Background of the Debtor and Events Leading to Bankruptcy

The Debtor is a broker for the sale of office furnishings. The Debtor is self-employed. As a result of COVID issues her business had dropped off significantly reducing here income.  In the past few months the Debtor's business has picked back up and she now believes she has a stead income that will permit her to propose a workable Plan.

### 4.2     Significant Events Since the Petition Date

a.     On November 1, 2021 Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

b.  On December 23, 2022, the Court entered an order granting the Debtor's application to retain Joyce W. Lindauer Attorney, PLLC as general bankruptcy counsel.

c.  The Monthly Operating Reports filed by the Debtor to date during the Case are attached hereto as **Exhibit "1"**.

### 4.3  <u>Assets of the Debtor</u>

The Debtor scheduled the following Assets owned as of the Petition Date:

| | |
|---|---|
| Cash | $62.00 |
| Vehicle | $3,000.00 |
| Personal and Household Items | $54,250.00 |
| Homestead | $2,300,000.00 |
| Equity Interest in Business | $2,000.00 |
| Security Deposits and Prepayments | $950.00 |
| Total Assets | $2,360,262.00 |

The Assets are listed in detail on the Debtor's Schedule A/B, a copy which is attached hereto as **Exhibit "2"**.

### 4.4  <u>Liabilities of the Debtor</u>

According to the Debtor's Schedules and the Proofs of Claim filed in his Case, the Debtor's liabilities, both Disputed and undisputed (excluding Administrative Expense Claims) totaled $1,266,228.85 as of the Petition Date.

The Debtor' liabilities are further described as follows:

a.  **Administrative Expense Claims.**

The Estate will be liable for certain Administrative Expense Claims pursuant to Bankruptcy Code §503(b) through the Confirmation Date, including Fee Claims of Joyce W. Lindauer Attorney, PLLC as the Debtor's bankruptcy counsel and the fees and expenses of the Sub V Trustee.  Before the Debtor pays any Fee Claims, the Bankruptcy Court will have determined the reasonableness of such fees and expenses.

b.  **Priority Tax Claims.**

The IRS has a priority tax claim in the amount of $40,990.57. The Debtor reserves the right to object to any of the Priority Claims.

c.  **Secured Claims.**

Total Secured Claims, based on the Debtor's Schedules and the Proofs of Claim on file, are $1,188,621.47. The Debtor reserves the right to object to any of the Secured Claims.

### d. General Unsecured Claims.

According to the Proof of Claim and the Debtor's Schedules, the Debtor owed total Unsecured Claims of approximately $24,097.52. The Debtor reserves the right to object to any of the Unsecured Claims

### 4.5 Tax Consequences of the Plan

**a. Disclaimer.** The Debtor does not purport to provide tax advice to the holders of Claims. The following is intended only as a summary of possible federal income tax consequences of the Plan and is not a substitute for careful tax planning with a tax professional. The following is for information purposes only and is NOT tax advice. The tax consequences are in many cases uncertain and may vary depending on a holder's individual circumstances. Accordingly, holders of Claims are urged to consult with their tax advisors about the federal, state, local, and foreign tax consequences of the Plan on their tax returns and tax liabilities.

**b. Tax Consequences.** Implementation of the Plan may result in federal income tax consequences to holders of Claims or Interests and the Debtor. Tax consequences to a particular Claim or Interest holder may depend on the particular circumstances or facts regarding the Claim or Interest. IRS Publication 908, entitled "Bankruptcy Tax Guide" provides valuable information regarding the federal income tax aspects of bankruptcy. The "Bankruptcy Tax Guide" is available directly from the IRS online at http://www.irs.gov/pub/irs-pdf/p908.pdf.

**c. Cancellation of Debt.** Cancellation of the Debtor's debt ("**COD**") is generally considered as taxable income of the Debtor. COD is the amount by which the indebtedness discharged exceeds any consideration given in exchange. However, there are exceptions which prevent COD from being treated as taxable income. To the extent the Debtor is insolvent or the Debtor is discharged in a bankruptcy proceeding, as is the case at bar, the Internal Revenue Code excludes COD from income. The statutory exclusion for COD from the Debtor's gross income in a Chapter 11 bankruptcy case arises where a discharge is granted by the Court as is requested in the Plan.

**d. Holders of Allowed Claims.** The tax consequences associated with distributions under the Plan to the holders of an Allowed Claim will depend on, among other things: (i) the consideration received or deemed to have been received by the holder of any such Claim; (ii) whether the Allowed Claim holder reports income on an accrual or cash basis; (iii) the taxable year in which any distributions under the Plan are received by the Allowed Claim holder; (iv) whether the Claim was Allowed or Contested/Disputed as of the Effective Date; and (v) whether such Allowed Claim holder had previously written the obligation off as bad debt. ALLOWED CLAIM HOLDERS ARE URGED TO CONSULT WITH THEIR TAX ADVISORS ABOUT THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

## ARTICLE V.  CHAPTER 7 LIQUIDATION ANALYSIS

Section 1129(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan of reorganization must provide at least as much value to each Impaired Creditor as could be realized in a liquidation under Chapter 7 of the Bankruptcy Code.

In determining whether the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtor's assets in Chapter 7. Such amounts must then be reduced by the costs and expenses of the liquidation. Further reductions would be required to eliminate cash and asset liquidation proceeds that would be applied to Secured Claims and amounts necessary to satisfy Priority Claims that are senior to general Unsecured Claims (and Administrative Expense Claims that may result from the termination of the Debtor's business and the liquidation of its assets).

### Liquidation Analysis

Liabilities shown below are as scheduled by the Debtor, unless the Claimant has filed a proof of claim stating a different amount.  The Debtor's retirement accounts and homestead, as disclosed above, are exempt and would not be available to creditors in a Chapter 7 liquidation. The Debtor believes that her equity interest in her 100% owned professional association would have no value in a Chapter 7 liquidation.

### Assets

| | |
|---|---|
| Cash | $62.00 |
| Vehicle (Exempt assets) | $ 0.00 |
| Personal and Household Items (Exempt assets) | $ 0.00 |
| Homestead (100% exemption) subject to mortgage debt | $ 0.00 |
| Equity Interest in Business (no value in Ch7 liquidation) | $ 0.00 |
| Security Deposits and Prepayments | $950.00 |
| **Total Assets** | **$1,012.00** |

### Liabilities

| | |
|---|---|
| Administrative Expenses and UST Fees | $15,000[1] |
| Secured Claims of PNC Mortgage, Dallas County and Internal Revenue Service | $1,188,621.47 |
| Priority Tax Claims | $40,990.57 |
| General Unsecured Claims | $24,097.52 |
| **Total Liabilities** | **$1,268,709.56** |

---

[1] Debtor's estimate.

**TOTAL ASSETS LESS TOTAL LIABILITIES**            **<$1,267,697.56>**

*NOTE:* **Under the above liquidation analysis, Unsecured Claimants would receive no distributions in a Chapter 7 case. Under this Plan; however, Unsecured Claimants will receive distributions each month for 36 months. This Plan does not contemplate a liquidation of the Assets.**

<u>**ARTICLE VI. PLAN OF REORGANIZATION**</u>

**6.1**     <u>**Treatment of Unclassified Claims, Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees**</u>

    **a.**     **Unclassified Claims.** All Allowed Claims (except Administrative Expense Claims and Priority Tax Claims) are placed in Classes for all purposes, including voting on, confirmation of, and distributions under this Plan. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Allowed Priority Tax Claims have not been classified.

    **b.**     **Administrative Expense Claims.** Each holder of an Administrative Expense Claim under Bankruptcy Code § 503 shall receive either: (i) with respect to Administrative Expense Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Administrative Expense Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Administrative Expense Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

    **1.**     <u>Fee Claims.</u> Each professional person whose retention with respect to this Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Expense Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The Subchapter V Trustee is a professional in this case. The failure to file timely any such application as required shall result in the Fee Claim being forever barred and discharged. A Fee Claim, with respect to which a Fee Application has been properly filed, shall become an Administrative Expense Claim only to the extent allowed by Final Order. Fee Claims shall be paid either: (i) with respect to Fee Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Fee Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Fee Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

**2.** <u>Administrative Expense Claims Bar Date.</u> Any other person or entity who claims to hold an Administrative Expense Claim (other than a Fee Claim) shall be required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely the application as required under this section) of this Plan shall result in the Claim being forever barred and discharged. An Administrative Expense Claim with respect to which an application has been properly filed and to which no timely objection has been filed or an objection has been filed but overruled by the Bankruptcy Court, shall become an Allowed Claim to the extent such Claim is allowed by Final Order.

**c.** **Priority Tax Claims.** Priority Tax Claims shall be paid in full over the time period from the Petition Date to the expiration of five (5) years from the Petition Date, with interest thereon at the rate of interest of 3% per annum. The Claims will be paid in equal monthly installments of principal and interest, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. Interest shall begin to accrue as of the Petition Date. These Claimants shall retain their pre- and post-Petition Date statutory Liens securing this Claim until it is paid in full.

**d.** **Priority Wage Claims.** Any holder of an Allowed Priority Wage Claim within the meaning of Bankruptcy Code § 507(a)(4) will be paid in full in three (3) equal monthly installments of principal and interest at the rate of 2% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. The Debtor does not believe any such Claims exist. There are no claims in this Class.

## 6.2 <u>Classification of Claims and Interests</u>

Claims against the Debtor, excluding Administrative Expense Claims, Priority Tax Claims and Priority Wage Claims, are divided into the following Classes:

**Class 1 Claim: Allowed Secured Claim of PNC Mortgage**

**Class 2 Claim: Allowed Secured Claim of Dallas County**

**Class 3 Claim: Allowed Secured Claim of Internal Revenue Service.**

**Class 4 Claim: Allowed Priority Tax Claim of Internal Revenue Service**

**Class 5 Claims: Allowed Unsecured Claims.**

**Class 6 Debtor.**

## 6.3 <u>Claims and Interests Impaired Under the Plan</u>

The Claims in Classes 1, 2, 3, 4, and 5 are Impaired and entitled to vote on this Plan. Class 3 is not Impaired and is deemed to have accepted the Plan.

**6.4**   **Treatment of Classified Claims and Interests Under the Plan**

**General Provisions Regarding Treatment of Claims.**

All Allowed Secured Claimants shall retain all their liens on any property securing their Claims.

No Claimant shall be entitled to a pre-payment penalty if their Claim is paid early.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder.

**Class 1: Allowed Secured Claim of PNC Mortgage.** The Class 1 Claim shall be paid the original contractual payment amount starting on the Effective Date and the loan will be extended to continue such payments for as long as it takes to cure the arrearage amount. The arrearage will be paid on the same terms as the original loan amount. This Claimant shall retain its pre-Petition Date Liens securing this Claim. This claim is IMPAIRED.

**Class 2: Allowed Secured Claim of Dallas County.** The Class 2 Claim shall be paid in full in equal monthly installments over 60 months with interest thereon at the rate of 12% per annum. The payments shall begin on the first day of the first month following the Effective Date and continue on the first day of each subsequent month until the Claim is paid in full under the Plan. Interest shall begin to accrue as of the Petition Date. This Claimant shall retain its pre-Petition Date Liens securing this Claim. This claim is IMPAIRED.

**Class 3: Allowed Secured Claim of Internal Revenue Service.** The Class 3 Claim shall be paid in full in equal monthly installments over 60 months with interest thereon at the rate of 3% per annum. The payments shall begin on the first day of the first month following the Effective Date and continue on the first day of each subsequent month until the Claim is paid in full under the Plan. Interest shall begin to accrue as of the Petition Date. This Claimant shall retain its pre-Petition Date Liens securing this Claim. This claim is IMPAIRED.

**Class 4: Allowed Priority Tax Claims.** The Class 4 Claims shall be paid in full over the time period from the Petition Date to the expiration of five (5) years from the Petition Date, with interest thereon at the rate of interest of 3% per annum. The Claims will be paid in equal monthly installments of principal and interest, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. Interest shall begin to accrue as of the Petition Date. These Claimants shall retain their pre- and post-Petition Date statutory Liens securing this Claim until it is paid in full. This claim is IMPAIRED.

**Class 5: Allowed Unsecured Claims.** Each Class 5 Claimant shall receive its pro-rata share of $1,000.00 per month, payable over 36 months in equal monthly installments commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. The Debtor's total payments to Class 5 Creditors will be $36,000.00.

In the alternative, if the Plan is determined to be a "non-consensual" plan under Bankruptcy Code Section 1191(b), all of the Debtor's disposable income will be paid pro-rata to Class 5 Claimants on a monthly basis over 36 months. "Disposable income" shall mean all income remaining after the Debtor's payment of her reasonable and necessary expenses. These Claims are IMPAIRED.

**Class 6: Debtor.** Class 6 Debtor shall retain all her exempt and non-exempt property. This Class is not Impaired.

### 6.5     Implementation of the Plan

       **a.**     **Source of Payments.** The Debtor intends to make all payments required under the Plan from her available cash and income.

       **b.**     **Risk Factors.** *Consider carefully the factors set forth below and the other information set forth in this Plan prior to voting on the Plan. These risk factors should not, however, be regarded as constituting the only risks involved with the Plan and its implementation.*

       **Bankruptcy Considerations**. Although the Debtor believes that the Plan satisfies all requirements necessary for Confirmation, there can be no assurance that the Court will reach the same conclusion. Moreover, there can be no assurance that modifications of the Plan will not be required for Confirmation or that such modifications would not necessitate the re- solicitation of votes to accept the Plan as modified.

### 6.6     Feasibility of the Plan

The Debtor believes that the Plan is feasible because all creditors with Allowed Claims will be paid under fair and equitable terms. Projections for the feasibility of the Plan are attached hereto as **Exhibit "3"** and incorporated herein by this reference. Debtor believes the Plan will meet the Subchapter V requirements for Confirmation.

### 6.7     Provisions Regarding Distributions and Objections to Claims

       **a.**     **Time of Payment.** The first month in which payments will be made under this Plan will be as provided by the terms of this Plan.

       **b.**     **Delivery of Payment.** All payments or distributions required under this Plan shall be made to holder of the applicable Claim at: (i) the address set forth on the Proofs of Claim filed by such holders (or at the last known address of such holders if no Proof of Claim is filed or if the Debtor has been notified of a change of address); (ii) the address set forth in any written notices of address change delivered to the Debtor after the date of any related Proof of Claim; or (iii) if neither of the foregoing is applicable, at the addresses reflected in the Debtor' bankruptcy schedules, unless otherwise agreed to by the holder of such Claim and the Debtor.

       **c.**     **Confirmation under Section 1191(b) – Sub-Chapter V Trustee.** If the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section

1191(b), the Trustee shall serve as the payment administrator pursuant to 11 U.S.C. section 1194(b) for the purpose of making distributions under the Plan. Distributions to Class 1 and 2 Creditors will be made by the Trustee in accordance with the following procedures:

1. **Plan Payments**. During the period of payments under the Plan (the "Payment Period"), the Debtor shall pay to the Trustee the monthly projected disposable income amount as required under the plan on or before the 10th day of each calendar month following the Effective Date (the "Plan Payments"). Trustee shall make all payments of distributions to creditors from the Plan Payments. Such remittances shall occur no less frequently than fifteen (15) days after the first day of each month following receipt of a Plan Payment from the Reorganized Debtor. The Trustee shall make such distributions from an account to be established by the Trustee at an institution on the approved U.S. Trustee depository list account, which shall be maintained by the Trustee for the duration of the Payment Period until Plan consummation following the final payment required under the Plan (the "Trustee Account").

2. **Disbursements to Allowed Claimants.** As soon as is reasonably practicable after the Effective Date, the Trustee shall initiate disbursement of Plan Payments from the Trustee Account, less amounts reserved for the Trustee's fees and expenses, to the holders of Allowed Administrative Claims until paid in full and to Class 1 and 2 Claims based on the total amount of Allowed Claims. For the avoidance of doubt, the disbursement to holders of Allowed Claims will be reduced in an amount equal to the Trustee's Allowed fees and costs incurred as Trustee.

3. **Post-Confirmation Fees and Expenses of the Trustee.** The Trustee shall be entitled to recoup reasonable fees and costs incurred performing his obligations as Trustee under this paragraph from the Plan Payments by submitting a fee and expense statement to the Reorganized Debtors, the Office of the United States Trustee, and Holders of Allowed Claims (the "Notice Parties"). The Trustee shall be compensated for his post-confirmation duties at his normal hourly rate and shall be paid from the amounts paid by the Debtor for Plan Payments. The amount distributed or reserved to creditors will be net of the amounts remitted by the Reorganized Debtor to the Trustee. The Trustee's fees and expense shall be disclosed in the quarterly report filed with the Court. All parties in interest will have 21 days after the quarterly report is filed to object to the Trustee's fees and expenses disclosed therein. If no objection is received, the Trustee may disburse his fees and expenses from the Plan Payments without further order of the Court.

d. **No Distribution Pending Allowance or Estimation of Claims.** No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim or Allowed Interest, as

determined by Final Order. No holder of a Claim shall be entitled to any payment under the Plan if such holder has retained property of the Estate.

     **e.**     **Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of prepetition Claims at any time prior to sixty (60) days after the Effective Date or, as to Claims based upon the Debtor's rejection pursuant to this Plan of an executory contract or unexpired lease, at any time prior to thirty (30) days after the filing of any such rejection Claim. Any Proof of Claim filed after the Bar Date shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; provided, however, that the Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

     **f.**     **Suspension of Payments on Disputed Claims.** If any Claim has been objected to within the time required, the Debtor shall segregate and set aside, from the funds on hand for distribution to the Claimant's Class, funds sufficient to satisfy the payment otherwise due on the Claim according to the provisions of the Plan. In the event that the claim objection is overruled or a dispute is resolved favorably to the party asserting the Claim, then the funds shall be paid to the Creditor in accordance with applicable Class provisions. In the event that the Disputed Claim is disallowed, the funds segregated in deference to the Claim shall be disbursed to other parties in interest, according to the applicable provisions of the Plan.

## 6.8   **Executory Contracts**

     **a.**     **General Provisions.** "Assumption" of an executory contract or unexpired lease means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any. If you object to the assumption, and if applicable the assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to Confirmation, unless the Court has set an earlier time.

     **b.**     **General Rejection of Executory Contracts and Unexpired Leases.** Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this section of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, or that were entered after the Petition Date, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

## ARTICLE VII. RESERVATION OF CLAIMS

### 7.1 Reservation of Claims and Causes of Action

Any and all claims, causes of action, cross claims, or counterclaims held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor have or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Debtor as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor' Schedules and Statements.

### 7.2 Return of Fraudulent Transfers

Any Creditor determined to have received a transfer that is voidable pursuant to sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code or any other applicable law shall be required to remit to the Debtor the determined amount of the avoided transfer prior to receiving any distribution under this Plan.

## ARTICLE VIII. EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION

### 8.1 Vesting of Property

On the Confirmation Date of the Plan, all property of the Estate shall vest in the Debtor pursuant to sections 1141(b) and (c) of the Bankruptcy Code, free and clear of all Claims and interests except as otherwise provided in this Plan. This Plan will evidence the release of any and all Liens or encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan. However, If the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the property of the Estate will not re-vest in the Debtor on the Confirmation Date but will remain as property of the Estate until the final payment is made under the plan.

### 8.2      Plan Creates New Obligations

Except as otherwise provided in the Plan, (1) the payment terms promised in the Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations other than those new payment terms continue to apply.

### 8.3      Legal Binding Effect

The provisions of this Plan shall bind all holders of Claims and Interests, whether or not they accept this Plan.

### 8.4      Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan the Debtor will be discharged from any debt that arose before Confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first three years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first three years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### 8.5      Satisfaction of Claims and Interests

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor, including Claims arising prior to the Effective Date.

### 8.6      Temporary Injunction

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or may hold Claims or Interests against the Debtor or any third-party guarantor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor on account of Claims against the Debtor; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any third-party guarantor or any assets or property of same; or (iii) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

**8.7     Modification of the Plan**

    **a.     Prior to Confirmation.** The Debtor may modify this Plan at any time prior to Confirmation, provided the modification complies with the requirements of sections 1122, 1123 and 1127 of the Bankruptcy Code. Upon the filing of any such modifications with the Bankruptcy Court, the Plan, as modified, becomes the Plan.

    **b.     After Confirmation.** The Debtor may modify the Plan at any time after Confirmation, upon compliance with Bankruptcy Code § 1127. The Debtor or their attorney shall provide notice of any such proposed modification to all Creditors and other parties in interest in these Chapter 11 proceedings. If, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interest of the Creditors, the Bankruptcy Court may modify the Plan without notice to Creditors, or may modify the Plan upon notice only to those Creditors that the Bankruptcy Court deems to be materially and adversely affected.

**8.8     Retention of Jurisdiction**

The Bankruptcy Court shall retain jurisdiction over this Bankruptcy Case after Confirmation of the Plan to the fullest extent provided for, or allowed, under the Bankruptcy Code and other applicable law. Specifically, but not by way of limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

    **a.** to consider and effect any modification of this Plan under Bankruptcy Code § 1127;

    **b.** to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

    **c.** to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

    **d.** to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

    **e.** to hear and determine all causes of action;

    **f.** to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

    **g.** to make such Orders as are necessary and appropriate to carry out and implement the provisions of this Plan; including to effect the further assurances provided in this Plan;

**h.**      to approve the reasonableness of any payments made or to be made, within the meaning of Bankruptcy Code § 1129(a)(4);

**i.**      to exercise the jurisdiction granted pursuant to sections 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

**j.**      to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan; and

**k.**      to determine any and all motions, applications, adversary proceedings and Contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Debtor.

Nothing contained herein shall be construed to limit the rights of the Debtor to commence or prosecute any claim in any court of competent jurisdiction.

## ARTICLE IX.  MISCELLANEOUS PROVISIONS

### 9.1      Request for Relief Under Bankruptcy Code § 1129(b)

In the event any Impaired Class of Claims or Interests shall fail to accept this Plan in accordance with Bankruptcy Code § 1129(a), the Plan Proponents request that the Bankruptcy Court confirm this Plan in accordance with the provisions of Bankruptcy Code § 1129(b).

### 9.2      Headings

All headings utilized in this Plan are for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

### 9.3      Due Authorization

Each and every Claimant who elects to participate in the distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of such Claim against the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claimant under this Plan.

### 9.4      Further Assurances and Authorizations

The Debtor shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions of, this Plan.

### 9.5      Applicable Law

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in

accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

### 9.6    No Interest

Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be Allowed on any Claim subsequent to the Petition Date.

### 9.7    Post-Confirmation Actions

After Confirmation, the Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of the Plan.

### 9.8    Notices of Default

In the event of a default under the Plan, the affected Claimant or its counsel shall provide notice to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have twenty (20) days to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default within 20 days after receipt of notice, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default. In the event of a third default, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice. Failure to timely pay post-petition taxes shall be an event of default under the Plan.

### 9.9    Notices

All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. A copy of all notices provided to the Debtor under this Plan shall be sent to: (i) the Debtor at 1511 10th St., Wichita Falls, Texas 76301, and (ii) the Debtor' attorney, Joyce W. Lindauer, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street. Suite 500 Dallas TX 75202 Telephone: (972) 503-4033; Fax: (972) 503-4034; Email: joyce@joycelindauer.com.

### 9.10    Payment Dates

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, except as may be provided in negotiable instruments requiring such payments.

### 9.11    De Minimis Distribution

No single distribution payment of less than $5.00 shall be required to be made to any holder of an Allowed Claim. Rather, any such de minimis distribution amount shall be held by the Debtor,

added to the amount of the next distribution, and remitted to the holder of the Allowed Claim upon reaching a total greater than $5.00.

Dated: January 13, 2022.

Respectfully submitted,

_/s/ Joyce W. Lindauer_
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor


_/s/ Paula Wenstrom_
Paula Wenstrom, Debtor

**Miscellaneous:**

Filed: 11/01/2021 Closed:
Reopen: Dismissed:
Dismissed(jdb):
Converted: Discharged:
Discharged(jdb):

21-31978-mvl11 Paula Sue Wenstrom
Type: bk                    Chapter: 11 v                Office: 3 (Dallas)
Assets: y                   Judge: mvl                   Case Flag: REFORM,
                                                          Subchapter_V

Summary    History    Parties    Filers    Docket Sheet    Deadlines/Hearings    Status    Pending Motions    Creditors    Claims Register

### U.S. Bankruptcy Court

### Northern District of Texas

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 12/21/2021 at 6:10 PM CST and filed on 12/21/2021
**Case Name:**        Paula Sue Wenstrom
**Case Number:**      21-31978-mvl11
**Document Number:** 32

**Docket Text:**
Debtor-In-Possession Monthly Operating Report for Filing Period 11/30/2021 filed by Debtor Paula Sue Wenstrom. (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** November 2021.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=12/21/2021] [FileNumber=47358506
-0] [20a09ea7ba609a74d77c53f3bf1ddc183643c2f5f0d0d9f56baab3d03f69bf3ff
ab04f3b2b40f36d0678dc1b9b403c51f4a7aa620db40bf0ab66f75362c0be1d]]

**21-31978-mvl11 Notice will be electronically mailed to:**

Areya Holder on behalf of Interested Party Nicole McKenzie
areya@holderlawpc.com, holderlaw@jubileebk.net

Joyce W. Lindauer on behalf of Debtor Paula Sue Wenstrom
joyce@joycelindauer.com, dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Scott M. Seidel -SBRA V
scott@scottseidel.com, csms11@trustesolutions.net;susan.seidel@earthlink.net

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

**21-31978-mvl11 Notice will not be electronically mailed to:**

# EXHIBIT "1"

| Fill in this information to identify the case: |
| --- |
| Debtor Name Paula Sue Wenstrom |
| United States Bankruptcy Court for the: North District of Texas |
| Case number: 393-21-31978-MVL-11 (V) |

☐ Check if this is an amended filing

## Official Form 425C

### Monthly Operating Report for Small Business Under Chapter 11    12/17

Month: November    Date report filed: 12/21/2021
MM / DD / YYYY

Line of business: Sales    NAISC code: _____

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small-business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:    Paula Sue Wenstrom

Original signature of responsible party

Printed name of responsible party    Paula Sue Wenstrom

### 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
| --- | --- | --- | --- | --- |
| | **If you answer _No_ to any of the questions in lines 1-9, attach an explanation and label it _Exhibit A._** | | | |
| 1. | Did the business operate during the entire reporting period? | ☒ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☒ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☐ | ☒ | ☐ |
| 4. | Did you pay your employees on time? | ☒ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☐ | ☒ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☒ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☒ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☒ | ☐ | ☐ |
| 9. | Have you timely paid all of your insurance premiums? | ☒ | ☐ | ☐ |
| | **If you answer _Yes_ to any of the questions in lines 10-18, attach an explanation and label it _Exhibit B._** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☒ | ☐ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☒ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☒ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☒ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☒ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☒ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☒ | ☐ |

Debtor Name Paula Sue Wenstrom                    Case number 393-21-31978-MVL-11 (V)

17. Have you paid any bills you owed before you filed bankruptcy? ☑ ☐ ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy? ☐ ☒ ☐

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 105,988.00

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.

$ 77,264.00

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.

− $ 133,764.00

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ 56,500.00

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

= $ 49,470.00

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**

$ 107,660.98

*(Exhibit E)*

Debtor Name Paula Sue Wenstrom          Case number 393-21-31978-MVL-11 (V)

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**          $ 72,990.07

    *(Exhibit F)*

## 5. Employees

26. What was the number of employees when the case was filed?          2
27. What is the number of employees as of the date of this monthly report?          2

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?          $ 9,238.00
29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?          $ 0.00
30. How much have you paid this month in other professional fees?          $ 500.00
31. How much have you paid in total other professional fees since filing the case?          $ 9,738.00

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | | Column B | | Column C |
|---|---|---|---|---|---|
|  | Projected | − | Actual | = | Difference |
|  | Copy lines 35-37 from the previous month's report. |  | Copy lines 20-22 of this report. |  | Subtract Column B from Column A. |
| 32. Cash receipts | $ | − | $ 77,264.00 | = | $ 77,264.00 |
| 33. Cash disbursements | $ | − | $ 133,764.00 | = | $ 133,764.00 |
| 34. Net cash flow | $ | − | $ 56,500.00 | = | $ 56,500.00 |

35. Total projected cash receipts for the next month:          $ 525,000.00
36. Total projected cash disbursements for the next month:          − $ 220,000.00
37. Total projected net cash flow for the next month:          = $ 305,000.00

Debtor Name Paula Sue Wenstrom                    Case number 393-21-31978-MVL-11 (V)

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38. Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐ 39. Bank reconciliation reports for each account.

☐ 40. Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41. Budget, projection, or forecast reports.

☐ 42. Project, job costing, or work-in-progress reports.

**Fill in this information to identify your case and this filing:**

Debtor 1    **Paula**      **Sue**      **Wenstrom**
           First Name       Middle Name       Last Name

Debtor 2
(Spouse, if filing)   First Name       Middle Name       Last Name

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number
(if known)    **21-31978-mvl**

☐ Check if this is an
    amended filing

Official Form 106A/B

## Schedule A/B: Property                          12/15

**In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

1.1.
**8923 Devonshire**
**Dallas, TX 75209**

**Dallas**
County

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,300,000.00** | **$2,300,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Homestead**

☐ Check if this is community property
    (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here** ........................................................... ➔ | **$2,300,000.00** |

# EXHIBIT "2"

Debtor 1 __Paula Sue Wenstrom__     Case number (if known) __21-31978-mvl__

## Part 2:     Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.    **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| 3.1. | | Who has an interest in the property?<br>Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| Make: | **Mercedes** | ☑ Debtor 1 only | |
| Model: | **E320** | ☐ Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| Year: | **2003** | ☐ Debtor 1 and Debtor 2 only | |
| Approximate mileage: | **91,000** | ☐ At least one of the debtors and another | **$3,000.00** / **$3,000.00** |

Other information:

**2003 Mercedes E320 (approx. 91,000 miles)**

☐ Check if this is community property (see instructions)

4.    **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

5.    **Add the dollar value of the portion you own for all of your entries from Part 2, including any**
**entries for pages you have attached for Part 2. Write that number here..........................................➔**     | **$3,000.00** |

## Part 3:     Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6.    **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe..... | **Miscellaneous Furniture and Linens for 6900 square foot home with 5 bedrooms, 4-1/2 baths, 2 living areas, 2 dens, study, kitchen, dining room, breakfast room including: Sub-Zero Refrigerator, Viking Gas Range, Fischer and Pachal Oven, Television and mother-in-law suite with 1 living area, 1 bedroom and 1 bath** | **$26,000.00** |

7.    **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe..... | **Samsung 60" TV** | **$500.00** |

8.    **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No
☑ Yes. Describe..... | **Miscellaneous Antiques, Paintings, Artwork and Books** | **$20,000.00** |

Debtor 1 __Paula Sue Wenstrom__      Case number (if known) __21-31978-mvl__

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☑ No

   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No

    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No

    ☑ Yes. Describe..... **Miscellaneous Clothing, Shoes, and Accessories**      **$3,500.00**

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ☐ No

    ☑ Yes. Describe..... **Miscellaneous Jewelry - $1,000**      **$4,000.00**
    **Diamond Earrings - $3,000**

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses

    ☐ No

    ☑ Yes. Describe..... **2 Dogs and 1 Cat**      **$250.00**

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No

    ☐ Yes. Give specific information.............

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write the number here.................................................................** →    **$54,250.00**

| **Part 4:** | **Describe Your Financial Assets** |
| --- | --- |

Do you own or have any legal or equitable interest in any of the following?
                 **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☐ No

    ☑ Yes.............................................................................................................. Cash: ........................      **$45.00**

Debtor 1 __**Paula Sue Wenstrom**__      Case number (if known) __**21-31978-mvl**__

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes............................      Institution name:

     17.1.    Checking account:    **Plains Capital Bank checking account**        $17.00

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes............................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

☑ Yes. Give specific information about them.........................    Name of entity:                      % of ownership:

| | % of ownership | |
|---|---|---|
| **Queen Dog Inc.**<br>**d/b/a My Unique Office**<br>**E-Commerce website - not yet launched** | **45%** | **$1,000.00** |
| **Queen Dog Inc.**<br>**d/b/a My Unique Closet**<br>**E-Commerce website - not yet launched** | **45%** | **$1,000.00** |
| **Putsi Inc.**<br>**d/b/a Cultural Surroundings** | **100%** | **Unknown** |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.

*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific information about them.........................    Issuer name:

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each account separately.    Type of account:      Institution name:

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☐ No

☑ Yes............................      Institution name or individual:

     Electric:    **TXU Security Deposit**        $500.00

     Gas:    **Atmos Energy Security Deposit**        $250.00

     Water:    **Dallas Water Utilities Security Deposit**        $200.00

Debtor 1    **Paula Sue Wenstrom**            Case number (if known)   **21-31978-mvl**

23. **Annuities** (A contract for a specific periodic payment of money to you, either for life or for a number of years)
   - ☑ No
   - ☐ Yes............................ Issuer name and description:

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   - ☑ No
   - ☐ Yes............................ Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c)

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   - ☑ No
   - ☐ Yes. Give specific information about them

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property;**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   - ☑ No
   - ☐ Yes. Give specific information about them

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   - ☑ No
   - ☐ Yes. Give specific information about them

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
   - ☑ No
   - ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years......................

   Federal: _____
   State: _____
   Local: _____

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   - ☑ No
   - ☐ Yes. Give specific information

   Alimony: _____
   Maintenance: _____
   Support: _____
   Divorce settlement: _____
   Property settlement: _____

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
   - ☑ No
   - ☐ Yes. Give specific information

Debtor 1  **Paula Sue Wenstrom**                                                      Case number (if known)  **21-31978-mvl**

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

    ☐ No
    ☑ Yes.  Name the insurance
    company of each policy
    and list its value................    Company name:                    Beneficiary:                    Surrender or refund value:

    **State Farm Life Insurance Policy - No
    cash value
    Face Value: $150,000 to be split        Montgomery McKenzie &
    50/50 between beneficiaries              Gavin McKenzie                               $0.00**

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently
    entitled to receive property because someone has died

    ☑ No
    ☐ Yes.  Give specific information

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ☑ No
    ☐ Yes.  Describe each claim........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and
    rights to set off claims**

    ☑ No
    ☐ Yes.  Describe each claim........

35. **Any financial assets you did not already list**

    ☑ No
    ☐ Yes.  Give specific information

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have
    attached for Part 4. Write that number here...................................................** ➜    $3,012.00

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In.  List any real estate in Part 1. |

37. **Do you own or have any legal or equitable interest in any business-related property?**

    ☑ No.  Go to Part 6.
    ☐ Yes.  Go to line 38.

                                                                        **Current value of the
                                                                        portion you own?**
                                                                        Do not deduct secured
                                                                        claims or exemptions.

38. **Accounts receivable or commissions you already earned**

    ☑ No
    ☐ Yes.  Describe..

39. **Office equipment, furnishings, and supplies**
    *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones,
    desks, chairs, electronic devices

    ☑ No
    ☐ Yes.  Describe..

Debtor 1 __Paula Sue Wenstrom__ Case number (if known) __21-31978-mvl__

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe..

**41. Inventory**

☑ No
☐ Yes. Describe..

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe..... Name of entity: % of ownership:

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

   ☐ No
   ☐ Yes. Describe....

**44. Any business-related property you did not already list**

☑ No
☐ Yes. Give specific information.

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here**................................................................................ ➔ | $0.00 |

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
| --- | --- |
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes....

**48. Crops--either growing or harvested**

☑ No
☐ Yes. Give specific information...............

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes....

Debtor 1  **Paula Sue Wenstrom**      Case number (if known)   **21-31978-mvl**

**50. Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes....

**51. Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes.  Give specific information................

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6.  Write that number here**..........................................................................................➔ **$0.00**

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes.  Give specific information.

**54. Add the dollar value of all of your entries from Part 7.  Write that number here**.............................................➔ **$0.00**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

**55. Part 1: Total real estate, line 2**..................................................................................................➔ **$2,300,000.00**

**56. Part 2: Total vehicles, line 5**      **$3,000.00**

**57. Part 3: Total personal and household items, line 15**      **$54,250.00**

**58. Part 4: Total financial assets, line 36**      **$3,012.00**

**59. Part 5: Total business-related property, line 45**      **$0.00**

**60. Part 6: Total farm- and fishing-related property, line 52**      **$0.00**

**61. Part 7: Total other property not listed, line 54**      +      **$0.00**

**62. Total personal property.**    Add lines 56 through 61...................      **$60,262.00**    Copy personal property total ➔ +    **$60,262.00**

**63. Total of all property on Schedule A/B.**    Add line 55 + line 62...............................................................    **$2,360,262.00**

## CHAPTER 11 DEBTOR PROJECTIONS
**Paula Sue Westrom**

| | | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 |
|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | |
| | Gross Monthly Wages | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| | Legal Retainer | 9,238.00 | | | | | | |
| | **NET INCOME** | 42,238.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| **EXPENSES** | | | | | | | | |
| | Payroll Taxes (Medicare, Social Security) | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| | Insurance (payroll deduction) | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| | Home Maintenance and Repairs | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| | Electric/Gas | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 |
| | Water/Sewer/Trash | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| | Food and Housekeeping Supplies | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| | Cleaning, Laundry and Dry Cleaning | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| | Personal Care Products and Services | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| | Medical and Dental Expenses | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| | Insurance - Life | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| | Insurance - Health | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| | Federal Income Tax Withheld | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| | College Tuition, Fees and Living Expenses (son) | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| | **TOTAL EXPENSES** | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 |
| **PLAN PAYMENTS** | **Class** | | | | | | | |
| | x   Allowed Administrative Claims | 4,000.00 | 4,000.00 | 4,000.00 | | | | |
| | 1   Allowed Secured Claim of PNC Mortgage | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 |
| | 2   Allowed Secured Claim of Dallas County | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 |
| | 3   Allowed Secured Claim of IRS | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 |
| | 4   Allowed Pririty Tax Claim of IRS | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 |
| | 5   Allowed Unsecured Claims | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| | 6   Debtor | | | | | | | |
| | **TOTAL PLAN PAYMENTS** | 20,516.85 | 20,516.85 | 20,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 |
| **NET INCOME** | | 6,471.15 | -2,766.85 | -2,766.85 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 |
| **CUMULATIVE INCOME** | | 6,471.15 | 3,704.30 | 937.45 | 2,170.60 | 3,403.75 | 4,636.90 | 5,870.05 |

Treatments:

1   Current monthly payment, extend number of months to cover arrearage
2   60 mo @ 12%, $50,785.96
3   60 mo@ 3%, $128,835.51
4   5 yrs from petition @ 3% (.025% monthly);  $54,349.46, Add est 5 mo int of $679.36;  55 mo based upon $55,028.82
5   Pro-rata share of $1000 for 36 mo.

# EXHIBIT "3"

| Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 |
| 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 |
| 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 |
| 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 |
| 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 |
| 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 |
| 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 |
| 7,103.20 | 8,336.35 | 9,569.50 | 10,802.65 | 12,035.80 | 13,268.95 | 14,502.10 | 15,735.25 | 16,968.40 | 18,201.55 | 19,434.70 | 20,667.85 |

| Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 | Month 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 |
| 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 |
| 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 |
| 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 |
| 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 |
| 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 |
| 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 |
| 21,901.00 | 23,134.15 | 24,367.30 | 25,600.45 | 26,833.60 | 28,066.75 | 29,299.90 | 30,533.05 | 31,766.20 | 32,999.35 | 34,232.50 | 35,465.65 |

| Month 32 | Month 33 | Month 34 | Month 35 | Month 36 | Month 37 | Month 38 | Month 39 | Month 40 | Month 41 | Month 42 | Month 43 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 |
| 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 |
| 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 |
| 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 |
| 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 |
| 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | | | | | | | |
| 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 16,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 |
| 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 1,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 |
| 36,698.80 | 37,931.95 | 39,165.10 | 40,398.25 | 41,631.40 | 43,864.55 | 46,097.70 | 48,330.85 | 50,564.00 | 52,797.15 | 55,030.30 | 57,263.45 |

| Month 44 | Month 45 | Month 46 | Month 47 | Month 48 | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 | Month 55 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 |
| 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 |
| 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 |
| 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 |
| 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 | 1,072.13 |
| 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 | 15,516.85 |
| 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 | 2,233.15 |
| 59,496.60 | 61,729.75 | 63,962.90 | 66,196.05 | 68,429.20 | 70,662.35 | 72,895.50 | 75,128.65 | 77,361.80 | 79,594.95 | 81,828.10 | 84,061.25 |

| Month 56 | Month 57 | Month 58 | Month 59 | Month 60 |
|---|---|---|---|---|
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 | 33,000.00 |
| 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 650.00 | 650.00 | 650.00 | 650.00 | 650.00 |
| 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 | 15,250.00 |
| 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 |
| 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 | 1,129.71 |
| 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 | 2,315.01 |
| 14,444.72 | 14,444.72 | 14,444.72 | 14,444.72 | 14,444.72 |
| 3,305.28 | 3,305.28 | 3,305.28 | 3,305.28 | 3,305.28 |
| 87,366.53 | 90,671.81 | 93,977.09 | 97,282.37 | 100,587.65 |